Slip Op. 17-99

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **MICRO SYSTEMS ENGINEERING, INC.,**<br><br>          Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>          Defendant. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 14-00005 |

## JUDGMENT

[Granting Plaintiff's USCIT Rule 12(c) motion for judgment on the pleadings.]

Dated: August 7, 2017

Elon A. Pollack, Stein Shostak Shostak Pollack & O'Hara, LLP, of Los Angeles, CA, for plaintiff.

Alexander Vanderweide, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Dept. of Justice, of New York, NY, for defendant.  With him on brief were Chad A. Readler, Acting Assistant Attorney General, Amy M. Rubin, Assistant Director.

    Choe-Groves, Judge:  This case involves the classification of certain parts used to manufacture subassemblies for pacemakers imported by Micro Systems Engineering, Inc. ("Plaintiff").  See Summons, Jan. 6, 2014, ECF No. 1; Compl. ¶ 5, Aug. 2, 2016, ECF No. 14. Plaintiff imported nine entries of the merchandise between August 2011 and January 2012.[1]  See Summons.  U.S. Customs and Border Protection ("Customs") classified and liquidated the

---

[1] This case initially concerned thirty-nine entries, but the thirty entries covered in Protest Nos. 4101-13-100120, 4196-13-100069, 4196-13-100142, 4196-13-100240, 4196-13-100036, and 4196-13-100034 were severed and dismissed from this case on May 10, 2017.  See Order, May 10, 2017, ECF No. 31 (granting Plaintiff's consent motion to sever and dismiss).

merchandise under various provisions of the Harmonized Tariff Schedule of the United States ("HTSUS").  See Compl. ¶ 5; Answer ¶ 5, Mar. 23, 2017, ECF No. 23.  Plaintiff's complaint alleges that Customs misclassified the imported merchandise because the parts are specially designed or adapted for use in heart pacemakers and are classifiable under the Nairobi Protocol to the Florence Agreement on the Importation of Educational, Scientific, and Cultural Materials ("Nairobi Protocol").   See Compl. ¶ 7.  The HTSUS implemented the Nairobi Protocol under subheading 9817.00.96, which is a duty free provision that exempts payment of certain merchandise processing fees.  See 19 C.F.R. § 24.23(c)(1)(i).  Defendant agrees that the imported pacemaker components contained in the entries at issue are classifiable under HTSUS subheading 9817.00.96.  See Answer n.1, ¶ 7, Feb. 15, 2017, ECF No. 21.

     Before the court is Plaintiff's Motion for Judgment on the Pleadings filed pursuant to USCIT Rule 12(c).  See Mot. J. Pleadings, May 9, 2017, ECF No. 30.  USCIT Rule 12(c) permits a party to move for judgment on the pleadings "after the pleadings are closed and if it would not delay trial."  Forest Labs., Inc. v. United States, 29 CIT 1401, 1402, 403 F. Supp. 2d 1348, 1349 (2005), aff'd, 476 F.3d 877 (Fed. Cir. 2007).  A judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.  See New Zealand Lamb Co., Inc. v. United States, 40 F.3d 377, 380 (Fed. Cir. 1994) (citing Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989), cert. denied, 493 U.S. 1079 (1990)).  Plaintiff asserts that there are no factual or legal disputes for the court to review and the court should enter judgment in Plaintiff's favor because Defendant admits that the imported goods are classifiable under the Nairobi Protocol.  See id. at 3.  Defendant responds as follows:

Court No. 14-00005                                                                                                    Page 3

> We agree with Micro Systems that these substrates "are properly classified under HTSUS 9817.00.96 (Nairobi Protocol), which carries 0% duties *ad valorem* and are excepted from payment of merchandise processing fees." Pl. Motion at 2–3.

Def.'s Resp. Pl.'s Mot. J. Pleadings 2, May 15, 2017, ECF No. 32. The Parties are in agreement that the imported substrates contained in the entries at issue in this action are classifiable under the Nairobi Protocol. Judgment on the pleadings is appropriate here because the pleadings do not raise any triable material issue of fact and Plaintiff is entitled to judgment as a matter of law regarding the classification of the imported substrates.

Therefore, upon consideration of Plaintiff's Motion for Judgment on the Pleadings, and all other papers and proceedings in this action, and upon due deliberation, it is hereby

**ORDERED** that judgment is granted in favor of Plaintiff; it is further

**ORDERED** that the imported substrates contained in the entries set forth on the attached Schedule are classifiable under HTSUS subheading 9817.00.96, which is a duty free provision that exempts payment of merchandise processing fees; it is further

**ORDERED** that, in accordance with this judgment, U.S. Customs and Border Protection shall reliquidate and issue refunds for those entries on the attached Schedule containing substrates; and it is further

**ORDERED** that any refunds payable by reason of this judgment shall be paid with any interest as provided by law.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:   August 7, 2017
         New York, New York

## SCHEDULE

Court No. 14-00005
Port: Cleveland, OH (4101)

| Protest No. | Entry No. | Description of Merchandise |
|---|---|---|
| 4101-13-100193 | UPS-4688147-6 | Substrate, Part No. 380143 |
| | UPS-5021804-5 | Substrate, Part No. 380143 |
| | UPS-4771421-3 | Substrate, Part No. 358018 |
| | UPS-5135668-7 | Substrate, Part No. 358018 |
| | UPS-4806542-5 | Substrate, Part No. 375851 |
| | UPS-4850454-8 | Substrate, Part No. 375850 |
| | UPS-4838964-3 | Substrate, Part No. 369164 |
| | UPS-4875845-8 | Substrate, Part No. 369164 |
| | UPS-5101677-8 | Substrate, Part No. 369164 |